29h 183
73 AD²501

MICHAEL QUINN, as Administrator, etc., of JOHN FAHEY, Deceased, Respondent, v. GEORGE H. POWER, Appellant.

*Evidence — action for negligent killing — the general character of the deceased for industry and kindness may be shown — specific acts cannot.*

This action was brought by the plaintiff, as administrator of his son, to recover damages for the alleged negligent killing of the latter by the defendant. Upon the trial letters written by the son to his father, who lived in Ireland, were against the defendant's objection and exception received in evidence. The letters tended to show the good character of the deceased, his affection for his father and relatives and his good intentions in their behalf.

*Held,* that the court erred in admitting the letters.

Although in actions of this kind it is proper to show the habits and character of the deceased for industry and active kindness towards his relatives, specific acts or declarations cannot be shown unless, perhaps, on cross-examination. (Per Learned; P. J.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial made upon the minutes by the justice before whom the action was tried.

The action was brought to recover damages for the death of the plaintiff's intestate, his son, which was alleged to have been caused by the defendant's negligence. The action has been tried three times; has been twice before the General Term and once before the Court of Appeals. The opinion of the General Term upon the first appeal is reported in 17 Hun, 102.

*Newkirk & Chase,* for the appellant.

*Jesse Johnson,* for the respondent.

LEARNED, P. J.:

The only question which need be considered is that as to the admission of letters, written by the deceased to his father. That was not passed upon when the case was here before.

The counsel for the plaintiff admits, in arguing, that, if these letters are admissible, then verbal statements made by the deceased to his father of the same character would also be admissible. And clearly no distinction could be made.

It is claimed by the plaintiff that the letters tend to show the pecuniary damages caused to the father and other relatives by the death of the deceased. The only manner in which these letters could have any such tendency is by showing the character of the deceased, his affection towards his relatives and his good intentions in their behalf. And it must be said that the letters are very creditable to the deceased, and indicative of a right disposition on his part towards his father's family.

We think, although the question is not presented directly, that in such an action as this it is proper to show the habits and character of the deceased for industry and for active kindness towards his relatives. But assuming this to be so, we are of the opinion that specific acts are not to be proved, except as they might perhaps be brought out on cross-examination. The habits and character of the deceased, are topics, on which the defendant may, with fairness, be assumed to be prepared with answering evidence, if such there be. But the defendant could not be expected to meet and contradict specific acts of kindness or specific expressions of good will. Furthermore if specific acts are to be admitted on the one side, they must be on the other; and each must be open to contradiction and explanation. This might make a very wide field for inquiry, in regard to the particulars of which the opposing party would generally be unprepared. And the result of all would only be to establish what were the character and habits of the deceased, in the respects above mentioned. These are matters as to which direct proof is possible.

We are referred to no authority to justify the admission of those letters; and we cannot think that their admission is sustained by principle. They are only the statements of the deceased, which can seldom be allowed to be proof in his favor or in favor of his administrator.

For these reasons the judgment and order must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J.; BOARDMAN and BOCKES, JJ.

Judgment and order reversed; new trial granted, with costs to abide event.